# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| KURT E. ARNETT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )  CAUSE NO. 3:16-CV-054 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus filed by Kurt E. Arnett, a pro se prisoner, on February 3, 2016. For the reasons set forth below, the petition is **DENIED** pursuant to Habeas Corpus Rule 4 and the clerk is **DIRECTED** to close this case.

DISCUSSION

Arnett filed a habeas corpus petition challenging MCF 15-09-441, a prison disciplinary proceeding held at the Miami Correctional Facility. On October 26, 2015, a Disciplinary Hearing Officer (DHO) found him guilty of Rioting in violation of A-103. As a result, he was sanctioned with the loss of 234 days earned credit time and demoted from Credit Class 1 to Credit Class 3. Arnett lists four grounds in his petition, but he has included multiple claims in Grounds Three and Four.

In Grounds One and Two, Arnett argues that the DHO violated policy by using an expired State form and by allowing him to have been written up more than 24 hours after the riot. However, the violation of a prison rule is not a basis for habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Though *Wolff v. McDonnell*, 418 U.S. 539 (1974), requires that an inmate be given written notice of the factual basis of the charges against him, it does not dictate the form on which the notice must be given. Neither does it require that inmates be formally charged within 24 hours after they violate a rule. Therefore, Arnett's due process rights were not violated when he as notified of the factual basis of the charge against him on an outdated form more than 24 hours after the riot.

In Ground Three, Arnett argues that he was denied due process because he was denied 24 hour notice from the time he was told about the charge against him and the hearing on that charge. It is unclear why he believes this. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974), requires that an inmate be given 24 hour advance written notice of the factual basis of the charges against him, an inmate can waive this requirement and proceed to a hearing sooner.

Here, Arnett did waive the 24 hour notice when he signed the Screening Report on September 28, 2015. DE 1-1 at 6. Nevertheless, the hearing was not held until nearly a month later on October 26, 2016. DE 1 at 1 and DE 1-1 at 7.

Arnett also argues in Ground Three that the DHO was not impartial, because his hearing was not held in the prison where the riot occurred. He argues that violated prison policy, but as explained, a violation of prison policies is not a basis for habeas corpus relief. "An inmate facing disciplinary charges has the right to an impartial decisionmaker. *Wolff*, 418 U.S. at 571. But 'the constitutional standard for impermissible bias is high,' *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003), and an adjudicator is entitled to a presumption of 'honesty and integrity' absent clear evidence to the contrary, see *Withrow v. Larkin*, 421 U.S. 35, 47, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975)." *Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009). Having a hearing officer from a different prison makes that person more independent and less likely to be biased. Arnett has simply not pointed to anything which plausibly indicates that the DHO in his case was biased in any way.

Finally in Ground Three, Arnett argues that he had no opportunity to present witnesses. However that is not true. When

he was notified of the charge in this case, he was ask who he wanted to call as witnesses at his hearing. He indicated that he did not want to call any witnesses. DE 1-1 at 6. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974), requires that an inmate be given the opportunity to call witnesses, an inmate can (and Arnett did) waive that right.

In Ground Four, Arnett argues that there was an improper chain of custody, but he does not say for what. He also argues that there was not sufficient evidence to have found him guilty of rioting. In prison disciplinary cases, due process does not require a complete chain of custody. Rather, it merely requires some evidence of guilt. Therefore even if there was an inadequate chain of custody, that would not be a basis for habeas corpus relief.

"[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Even a Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Such is the case here. Attached to the Conduct Report given to Arnett was a four page video summary report describing the riot. DE 1-1 at 1-5. This report describes a riot which lasted for nearly an hour inside and outside of the latrine in the cellblock where Arnett was housed. Near the end of the riot, Arnett is identified as participating:

> Owen is then seen in an altercation with the offender in the latrine and offenders Elmore, Kevin #196199 (E3-6U) and Keeylen, Kenneth #911471 (E3-4L) are observed jumping into the altercation and both of them begin to hit Owen with closed fist strikes in the head/facial area then they go of camera. Offenders **Arnett, Kurt** #988135 (E4-12U) and Williams rush into the latrine where this altercation is taking place . . . .

DE 1-1 at 4 (emphasis added). Though this is not conclusive proof that Arnett participated in the riot by attacking other inmates, it was not arbitrary for the DHO to have reached that conclusion given that Arnett was seen rushing into the latrine with another inmate who had been actively involved in the riot from the beginning. In a prison disciplinary hearing, this was sufficient evidence to have found him guilty.

CONCLUSION

For the reasons set forth above, the petition is **DENIED** pursuant to Habeas Corpus Rule 4 and the clerk is **DIRECTED** to close this case.


**DATED: August 9, 2016**

**/s/RUDY LOZANO, Judge**
**United State District Court**